UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-cr-00315 |
| v. | (SAPORITO, J.) |
| KEITH FOX, JR., | |
| Defendant. | |

## ORDER

This matter comes before the court on the defendant's motion to suppress evidence. Doc. 66.

Upon consideration of the evidence and argument offered by the parties in their written submissions,[1] we find that: (1) the Title III applications in this case set forth sufficient information to adequately establish probable cause that the requested (and ultimately authorized) wire communication interceptions would produce evidence of communications regarding a drug trafficking conspiracy; (2) the Title III applications in this case set forth sufficient information to adequately establish the necessity of the requested (and ultimately authorized) wire

---

[1] We note that the parties were offered the opportunity to present further argument at a motions hearing as well, but they elected to stand on their briefs.

communication interceptions inasmuch as the intercepted communications were expected to reveal new information regarding additional participants in, and the source of supply for, the drug trafficking organization under investigation, which investigators had been unable to obtain previously through other investigative techniques; (3) law enforcement timely requested a second 30-day extension of the intercept order in Miscellaneous Case Number 12-15 E.D. 2024 by filing the application for an extension on July 26, 2024, less than thirty days after the immediately preceding extension period commenced upon expiration of the 30-day term of the original intercept order;[2] and (4) the challenged search warrant and application set forth sufficient information to adequately establish probable cause to search the

---

[2] The initial 30-day term of the wire intercept commenced on May 28, 2024, and expired 30 days later on June 27, 2024. *See* Intercept Order (May 28, 2024) ¶ 2, Gov't Ex. A, Doc. 77-1, at 7; Intercept Extension Application (June 25, 2024) ¶ 16, Gov't Ex. B, Doc. 77-2, at 39. *See generally* Fed. R. Crim. P. 45(a)(1). The first 30-day extension term commenced when the first 30-day period expired on June 27, 2024, and expired 30 days later on July 27, 2024. *See* Intercept Extension Order (June 25, 2024) ¶2, Gov't Ex. B, Doc. 77-2, at 7. Thus, the second extension application was timely filed on July 26, 2024. *See* Intercept Extension Application (July 26, 2024), Gov't Ex. D, Doc. 77-4, at 13–23. Indeed, under the federal rules, the second extension application arguably could have been timely filed as late as Monday, July 29, 2024. *See* Fed. R. Crim. P. 45(a)(1)(C).

defendant's residence for evidence of drug trafficking, the search warrant and application were narrowly tailored to seize such evidence and not overbroad, the information set forth in the search warrant and application described a sufficient factual nexus between alleged drug trafficking activity and the defendant's residence, and the information set forth in the search warrant and application was not stale in light of the extent, frequency, and recency of contacts between the defendant and his co-defendants involving both drug trafficking activity and the defendant's residence.[3]

Accordingly, **IT IS HEREBY ORDERED THAT** the defendant's motion to suppress evidence (Doc. 66) is **DENIED**.

Dated: May 14, 2026                    *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States District Judge

---

[3] Finding that the search warrant and application were supported by probable cause, we do not reach the parties' arguments on the good faith exception to the exclusionary rule.