UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-cr-00315 |
| v. | (SAPORITO, J.) |
| KEITH FOX, JR., | |
| Defendant. | |

## ORDER

This matter comes before the court on the Government's Rule 404(b) notice and request for a pretrial ruling on admissibility. Doc. 79.

Upon consideration of the evidence proffered by the Government and the argument presented by both parties in their written submissions and at a motion hearing before the undersigned held on May 13, 2026, we find that: (a) the proffered evidence of uncharged conduct is offered for the proper evidentiary purposes of showing the defendant's culpable intent[1] and supplying helpful background information to the jury;[2] (b) it

---

[1] The defendant is charged with possession *with the intent to distribute* a significant quantity of methamphetamine. *See, e.g., United States v. Jackson*, 619 Fed. App'x 189, 193–94 (3d Cir. 2015) ("[E]vidence of past [drug] distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting . . . uncharged conduct.").

[2] The proffered evidence explains how and why the defendant came

*(continued on next page)*

is relevant to those identified purposes;[3] (c) the probative value of the proffered evidence of uncharged conduct is not outweighed by any inherent danger of unfair prejudice to the defendant;[4] and (d) any

---

to be under criminal investigation, and why a search warrant was issued for his residence, which led to recovery of the evidence upon which the instant charges are based. *See United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010) ("[A]llowing the jury to understand the circumstances surrounding the charged crime—completing the story—is a proper, non-propensity purpose under Rule 404(b)."); *see also, e.g., United States v. Bridges*, No. 21-1679, 2022 WL 4244276, at *7 (3d Cir. Sept. 15, 2022) (brief testimony by law enforcement officers explaining the course of the investigation of the defendant); *Jackson*, 619 Fed. App'x at 194 (evidence of past drug transactions that "explain[ed] the relationship that [the defendant] had with [the prosecution's] witnesses to provide context to their testimony"); *Green*, 617 F.3d at 250 (evidence of uncharged conduct that explained why the defendant was under investigation).

[3] For example, we find that the Government's proffered evidence of a substantial course of interaction and communication between the defendant and others involved in the distribution of illicit drugs may constitute compelling evidence of the defendant's intent to distribute the significant quantities of methamphetamine recovered from his residence.

[4] Unlike the "heightened" prejudice that may be caused by evidence of a prior criminal conviction for the same sort of crime being tried, *see United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014), the proffered evidence of uncharged conduct here is "simply not of the same prejudicial ilk as the identical past convictions introduced in *Caldwell*." *See United States v. Repak*, 852 F.3d 230, 247–48 (3d Cir. 2017). Moreover, a limiting instruction to the jury can adequately mitigate any concern that the jury may use the proffered evidence of uncharged conduct to draw an inference of the defendant's propensity to commit the charged offenses. *See id.* at 247. Thus, any danger of unfair prejudice resulting from the proffered evidence does not substantially outweigh the probative value of that evidence. *See United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002)

*(continued on next page)*

prejudice to the defendant can be adequately mitigated by an appropriate limiting instruction to the jury.[5] *See generally United States v. Huddleston*, 485 U.S. 681, 691–92 (1988); *United States v. Repack*, 852 F.3d 230, 241 (3d Cir. 2017); *United States v. Caldwell*, 760 F.3d 267, 277–78 (3d Cir. 2014); *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The Government's request for a pretrial ruling on admissibility (Doc. 79) is **GRANTED** and the proffered evidence of uncharged conduct shall be **DEEMED ADMISSIBLE** without prejudice to the defendant's right to raise specific objections to particular testimony or evidence as it is presented at trial;

2.      The parties shall meet and confer regarding an appropriate limiting instruction in advance of trial and jointly submit a proposed limiting instruction **prior to the start of trial on Monday, May 18, 2026**; and

---

("[E]vidence can be kept out only if its unfairly prejudicial effect 'substantially outweighs' its probative value." (quoting Fed. R. Evid. 403) (brackets omitted)).

[5] *See, e.g.*, 3d Cir. Model Crim. Jury Instr. 2.11 (evidence admitted for a limited purpose); 3d Cir. Model Crim. Jury Instr. 2.23 (other act evidence). *See generally United States v. Butch*, 256 F.3d 171, 176 n.4 (3d Cir. 2001) (citing trial court's limiting instruction with approval).

3.     If the parties are unable to reach an agreement with respect to the language of a proposed limiting instruction, they shall separately submit their proposed limiting instructions **prior to the start of trial on Monday, May 18, 2026**, together with a short brief in support of each side's position, not to exceed five pages in length.


Dated: May 14, 2026                    *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States District Judge